Frank MANCUSO, Ellen Mancuso, individually and on behalf of their children, Deanna Mancuso, Theresa Mancuso, Plaintiffs–Appellants,

F. Mancuso Boat Yard, Inc., d/b/a Echo Bay Marine, Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant–Appellee.

No. 01–7319.

United States Court of Appeals, Second Circuit.

Jan. 2, 2001.

Frank Mancuso, Millbrook, NY, pro se.

Charles E. McTiernan, Jr., New York, NY; Richard J. Giglio and Stephen Brewi, on the brief, for Appellee.

Present DENNIS JACOBS, ROBERT D. SACK and ROBERT A. KAZTMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Plaintiffs-appellants, the Mancusos, appeal from an order of the United States District Court for the Southern District of New York, dismissing their complaint for lack of standing and granting summary judgment to the defendant, Consolidated Edison Company of New York, Inc. ("Con Ed").

In 1981, a fire at Con Ed's Echo Bay substation caused oil containing polychlorinated biphenyls ("PCBs") to spill into a surrounding moat. The Mancusos argue that Con Ed has violated the Clean Water Act, 33 U.S.C. §§ 1251–1387, by discharging pollutants into Echo Bay as a result of this fire. However, Con Ed abandoned the substation 20 years ago and has done nothing at the site since except to conduct a series of cleanup operations under the guidance of the New York Department of Environmental Conservation. All the evidence indicates that the cleanup has been effective at reducing the PCB's to statutorily acceptable levels.

In *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), the Court held that in order to establish standing under the Clean Water Act a citizen-plaintiff must demonstrate a "reasonable likelihood that a past polluter will continue to pollute in the future." *Id.* at 57, 108 S.Ct. 376; *see also Connecticut Coastal Fishermen's Ass'n v. Remington Arms Co.*, 989 F.2d 1305, 1311 (2d Cir.1993) ("[P]laintiff must show that defendant's violations continued subsequent to the date the complaint was filed, or present proof from which a trier of fact could find a continuing likelihood that violations would recur."). We agree with the district court that there is no reasonable likelihood of future pollution of Echo Bay from Con Ed's substation. The Mancusos, having thus failed to allege a redressable injury, lack standing.

The Mancusos premise standing chiefly on violation of their aesthetic sensibilities when they resort to the site for recreation. The Supreme Court has held that "environmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 183, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)). However, the record here demonstrates nothing more than that the Mancusos visited Echo Bay in order to prepare for this litigation. Their aesthetic sensibilities may have been injured in the course of these visits, but the Mancusos do not currently reside, own property, or recreate in, on, or near Echo Bay; they do not "use" Echo Bay for any purpose other than to obtain evidence to support this lawsuit. Any aesthetic injury experienced as a result of these visits is therefore simply a byproduct of this lawsuit and cannot satisfy even the minimal showing of injury-in-fact needed to meet the standing requirement.

For the reasons set forth above, the judgment of the district court is hereby affirmed.